NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-1268

KAY L. ROGERSON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States District Court for the District of South Dakota in case no. 08-CV-5060, Senior Judge Andrew W. Bogue.

ON MOTION

Before MAYER, LOURIE, and BRYSON, Circuit Judges.

PER CURIAM.

## ORDER

The United States moves to dismiss Kay L. Rogerson's appeal for lack of jurisdiction. Rogerson opposes and also submits a "petition to amend appeal to include MSPB Decisions." The United States replies.

This dispute stems from a complaint Rogerson filed in 1992 in the United States District Court for the District of South Dakota, alleging sexual discrimination, harassment and retaliation while she was employed with the United States Air Force. In 1996, the parties reached a settlement agreement whereby Rogerson released the government and its employees of all causes of action arising out of the proceedings and Rogerson forfeited any possibility of working for the Air Force. In July of 2008, Rogerson filed another complaint in the United States District Court for the District of

South Dakota, making various allegations including that the settlement agreement was unenforceable with regard to her waiver to seek reemployment with the Air Force. Rogerson's complaint also alleged errors in several 2008 final decisions of the Merit System Protection Board, which, inter alia, determined that she was not entitled to reemployment.

On May 13, 2009, the district court dismissed Rogerson's complaint. The court explained that it was without appellate jurisdiction over the board. The court further explained that the settlement was valid and enforceable and that Rogerson had waived any right to bring the claims. The United States Court of Appeals for the Eighth Circuit affirmed the district court's decision, and in January of 2010 the United States Supreme Court denied her petition for a writ of certiorari. On March 10, 2010, Rogerson filed another notice of appeal at the district court, this time seeking review of the May 2009 dismissal order by this court.

This is a court of limited jurisdiction. We do not have authority to review the district court's judgment regarding the underlying settlement agreement dispute. In any event, Rogerson has already exhausted her right to appeal that dispute to the Eighth Circuit and the Supreme Court. That matter is final. We also decline Rogerson's requests to review various 2008 final decisions of the board. Rogerson was required to file any petition for review within 60 days from the date of receipt of those decisions. 5 U.S.C. § 7703(b)(1). That time has long passed, and because that filing period is jurisdictional, we are without authority to extend it. Monzo v. Dep't of Transp., 735 F.2d 1335, 1336 (Fed. Cir. 1984); see also Bowles v. Russell, 551 U.S. 205 (2007) (the

timely filing of a notice of appeal in a civil case is a jurisdictional requirement that cannot be waived).

Accordingly,

IT IS ORDERED THAT:

(1)   The motion to dismiss is granted.

(2)   The petition to amend the appeal is denied.

(2)   Each side shall bear its own costs.

FOR THE COURT

MAY 0 3 2010
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:   Kay L. Rogerson
      Amanda L. Tantum, Esq.

s19

ISSUED AS A MANDATE:   MAY 0 3 2010

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY 0 3 2010

JAN HORBALY
CLERK

2010-1268                           3